IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv214

| | | |
|---|---|---|
| **ROBERT D. GADDY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **W. M. YELTON, in his individual and official capacity; DOUG SHEEHAN, in his individual and official capacity; NICHOLAS RYAN MITCHELL, in his individual and official capacity; ERVIN HUNTER, in his individual and official capacity; JIMMY STOVER, in his individual and official capacity; and THE CITY OF ASHEVILLE,** | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#11). On December 23, 2010, plaintiff moved for an extension of time to respond to such motion, which this court granted December 29, 2010; however, later on the day of December 23, 2010, plaintiff filed his Amended Complaint within the time allowed by Rule 15(a), Federal Rules of Civil Procedure, which mooted defendants' Motion to Dismiss.

Through amending his Complaint, the Motion to Dismiss became moot as a

matter of law. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). Likewise, the Court of Appeals for the Fourth Circuit held in Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir.2001), that:

> [a]s a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Crysen/Montenay Energy Co. v. Shell Oil Co.* (*In re Crysen/Montenay Energy Co.*), 226 F.3d 160, 162 (2d Cir.2000); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....").

Id., at 572. The court appreciates counsel's letter of January 3, 2011, which has been placed in the record.

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#11) is administratively **DENIED** as moot without prejudice.

Signed: January 4, 2011

Dennis L. Howell
United States Magistrate Judge